UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRYL TAYLOR,

        Petitioner,

v.                                        CASE NO. 2:06-15212
                                         HONORABLE LAWRENCE P. ZATKOFF

C. EICHENLAUB,

        Respondent.
_____/

## ORDER STAYING CASE PENDING
## EXHAUSTION OF ADMINISTRATIVE REMEDIES

Petitioner Darryl Taylor is an inmate at the Federal Correctional Institution in Milan, Michigan. He has filed a *pro se* application for the writ of habeas corpus under 28 U.S.C. § 2241. The habeas petition challenges the policy of the Federal Bureau of Prisons (the Bureau) not to consider inmates for community placement until the last ten per cent of their sentences.

A preliminary question is whether Petitioner has exhausted administrative remedies for his challenge to the Bureau's policy. "It is well established that federal prisoners complaining of events or conditions relating to their custody must exhaust their administrative remedies before habeas relief may be granted." *Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir. 1981). The exhaustion requirement generally is

> required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review.

*Weinberger v. Salfi,* 422 U.S. 749, 765 (1975).

The Bureau maintains an administrative remedy program through which inmates may seek

formal review of issues relating to any aspect of their confinement. *See* 28 C.F.R. § 542.10(a). The program requires prisoners to submit a request for administrative remedy to the warden of the prison, to the regional director for the Bureau, and to General Counsel for the Bureau. *See* 28 C.F.R. §§ 542.13-15. "An inmate has not fully exhausted his administrative remedies until he has appealed through all three levels." *Irwin v. Hawk*, 40 F.3d 347, 349 n.2 (11th Cir. 1994).

Petitioner alleges that exhaustion would be futile because the Bureau has stated that it will not consider any inmate for community placement until the inmate is in the final ten percent of his or her sentence. Despite the Bureau's alleged failure to give individualized consideration to inmates, Petitioner states that he has submitted a request to the Bureau for administrative remedy. Because Petitioner has initiated a request for administrative review and because the time frame for conducting administrative review is not lengthy, the Court will stay this case. This stay is conditioned on Petitioner moving to lift the stay within thirty (30) days of the Bureau's final decision on Petitioner's request for administrative review.

                                                  s/Lawrence P. Zatkoff
                                                  LAWRENCE P. ZATKOFF
                                                  UNITED STATES DISTRICT JUDGE

Dated: January 10, 2007